PHILIP ENGLISH *vs.* SOLOMON BLACHER.

Suffolk. October 8, 1936. — March 30, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Motor Vehicle,* Registration. *Words,* "Period of thirty days."

Under G. L. (Ter. Ed.) c. 90, § 3, an automobile, owned by a nonresident and not registered in this Commonwealth, was a trespasser on a highway here after it had been operated in this Commonwealth in 1932 for more than thirty days in the aggregate, although not for any continuous period of thirty days.

TORT. Writ in the Municipal Court of the City of Boston dated July 12, 1935.

The action was heard by *Donovan,* J., who found for the plaintiff in the sum of $325. Upon report to the Appellate Division judgment was ordered entered for the defendant. The plaintiff appealed.

*P. H. Tenney & L. E. Callahan,* for the plaintiff, submitted a brief.

*H. W. Hardy,* for the defendant.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for damage to his automobile, resulting from collision with an automobile of the defendant on a highway in this Commonwealth on November 17, 1932. The only question to be decided is whether, as matter of law, the automobile of the plaintiff was a tres-

passer upon the highway. These appear to be the relevant facts: The automobile of the plaintiff was registered in New Hampshire, where he resided, on January 1, 1932, and was not registered in this Commonwealth. It was damaged by collision with the automobile of the defendant on a highway in Acton in this Commonwealth. It was being operated with the consent of the plaintiff by his son, a licensed operator who resided with his father in Manchester, New Hampshire. Neither the plaintiff nor his son ever applied for or obtained the permit for operation in this Commonwealth by nonresidents, referred to in G. L. (Ter. Ed.) c. 90, § 3. That section provides that without such permit "no motor vehicle . . . owned by a non-resident shall be so operated [on the ways of this Commonwealth] beyond the expiration of a period of thirty days . . . ." The son was a travelling salesman for a business concern in Portland, Maine, and was operating the automobile on his own business. In the course of his employment from January 1, 1932, to November 17, 1932, the plaintiff's son travelled in New Hampshire, Maine and Massachusetts operating the automobile on at least three days each week in this Commonwealth, and returning with the automobile each week to Manchester. Between those dates he had operated the automobile in this Commonwealth for an aggregate of at least one hundred days, but not for any continuous period of thirty days without leaving the Commonwealth.

Narrowly stated the point to be decided is whether the plaintiff's automobile had on the date of the accident been operated in this Commonwealth "beyond the expiration of a period of thirty days," as those words are used in said § 3. If it was being operated beyond that period, since the operator had no permit, the automobile was clearly a trespasser on the highway. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443.

This particular provision of said § 3 was designed to afford to a nonresident the protection of the automobile registration of his home State or country during a temporary sojourn within this Commonwealth not exceeding a period

of thirty days. *Jenkins* v. *North Shore Dye House, Inc.*
277 Mass. 440, 443. *Bellenger* v. *Monahan,* 282 Mass.
523, 530. It was a transient privilege accorded to non-
residents on considerations of reciprocity. Nothing in
the history or the previous interpretation of the statute
indicates that it was intended to permit the operation
within the Commonwealth of an automobile owned by a
nonresident for an aggregate of more than thirty days in
a calendar year even though no one visit extended over
more than thirty continuous days. To give such an inter-
pretation would permit a nonresident to operate within
the Commonwealth almost without supervision or regula-
tion by the authorities of this Commonwealth, provided
he spent one day each month outside our boundaries.
This Commonwealth is almost alone among the States in
exacting compulsory motor vehicle insurance of those who
register their automobiles here. Less effective protection
for those liable to injury by automobile on the public ways
is required in neighboring States. To adopt the contention
of the plaintiff might seriously affect that main purpose of
our registration and compulsory motor vehicle insurance
laws. It would offer a simple method of evading those
laws in many instances. The word "period" in the govern-
ing statute is limited in meaning to a total of not over
thirty days during a calendar year. The signification of
the phrase "the period of thirty days from the date of"
the issuance of the registration certificate occurring in
§ 11 of said c. 90 is confined to thirty days in all. The
reference in § 24 of said c. 90 to prior convictions "within
a period of six years immediately preceding the commission
of the offence" is restricted to a single group of six years.
We are of opinion that the instant statute does not afford
protection for the operation of such an automobile for more
than thirty days during a calendar year. This construction
alone is consistent with our prior decisions. In *Hanson* v.
*Culton,* 269 Mass. 471, the plaintiff was domiciled in Rhode
Island, but rented a room in Boston which he occupied
three nights each week. He brought an action to recover
damages resulting from an automobile accident which hap-

pened on April 30, 1927, on a highway in this Commonwealth. His automobile, registered in Rhode Island, was held to be a trespasser on the highway for the reason that he was a resident of Massachusetts under the terms of G. L. c. 90, § 1, as amended by St. 1923, c. 464, § 1, and by St. 1924, c. 189, then in force, which defined a nonresident as one "who has no regular place of abode or business in the commonwealth for a period of more than thirty days in the year." By tacking together the three-night stays in Boston each week, an entire period of more than thirty days in the year 1927 was reached, and the plaintiff was held to be a resident of this Commonwealth operating an improperly registered automobile. The case of *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440; *S. C.* 289 Mass. 561, merely extended the decision in *Hanson* v. *Culton* by holding that there can be included in computing the thirty-day period of residence only days on which an automobile was owned. A similar finding as to residence was upheld in *Avila* v. *DuPont,* 278 Mass. 83, 87, where the owner of an automobile registered in Delaware had a summer home in Massachusetts. It was held that a finding was warranted that the owner "had a regular place of abode in this Commonwealth for more than thirty days in the year 1928 before August 11." It seems to be established under our decisions that "period of thirty days" in the statute formerly in force defining nonresidents in conjunction with automobiles is equivalent to an aggregate of thirty days in the calendar year. Nothing in this opinion is intended to construe St. 1933, c. 188, amending G. L. (Ter. Ed.) c. 90, § 3.

*Order for judgment for the defendant affirmed.*