WILLIAM VANDRESSER *vs.* CARL A. FIRLINGS.

Worcester.    September 25, 1939. — January 22, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Motor Vehicle,* Nonresident, Operation. *Way,* Public: trespass. *Negligence,* Violation of law, Motor vehicle, Contributory. *Words,* "Period."

Under § 3 of G. L. (Ter. Ed.) c. 90 as amended by St. 1933, c. 188, it was unlawful for a nonresident without registering his automobile here and without satisfying the other requirements of the statute, to operate on a public way in this Commonwealth in 1937 on a day after the expiration of a period of thirty days succeeding a first entry in that year although he had not operated here at any time during that period; and, in an action for personal injuries sustained by such operator, such unlawful operation was evidence of contributory negligence.

TORT. Writ in the Central District Court of Worcester dated October 13, 1937.

On removal to the Superior Court the case was heard by *Donnelly,* J., who found for the plaintiff in the sum of $4,685. The defendant alleged exceptions.

The case was submitted on briefs.

*J. Joseph MacCarthy, H. E. Manning, & J. W. Ceaty,* for the defendant.

*H. R. Sher,* for the plaintiff.

QUA, J. This action arises out of an automobile accident which occurred on a highway in Auburn on August 14,

1937. The trial judge denied a request by the defendant for a ruling that the plaintiff's automobile was "illegally registered" and was "a trespasser upon the ways of the Commonwealth."

The plaintiff, a portrait painter, was a resident of Florida. His automobile was registered there and bore a Florida registration plate. He was not operating under any permit from the registrar of motor vehicles. On July 1, 1937, he drove into this Commonwealth and drew a portrait while here. The next morning he left and drove to Maine. On August 14, the day of the accident, he was again passing through this Commonwealth on his way to New York. The issue depends upon whether the proviso included in the first sentence of G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188, and in force at the time of the accident, limited the privilege of a nonresident to operate his automobile on the ways of this Commonwealth, without registration here and without satisfying the registrar of motor vehicles that he was protected by liability insurance and obtaining a permit, to a single period of thirty consecutive days from the date of entry, or allowed him so to operate for an aggregate of not exceeding thirty days in any one year. The proviso began thus: "provided, that no motor vehicle or trailer shall be so operated beyond a period of thirty days after either the date of entry of the vehicle in any one year or the acquisition by such non-resident of a regular place of abode or business within the commonwealth, except during such time as the owner thereof maintains in full force a policy of liability insurance . . . ." Then followed a description of the liability policy and a requirement that the owner or operator carry a permit from the registrar to operate without registration. The primary purpose of the proviso seems to have been to limit the time within which nonresidents could operate without furnishing the public the insurance protection required of all residents under the compulsory motor vehicle insurance law.

Before the amendment of 1933 the proviso read: "provided, that no motor vehicle or trailer owned by a non-

resident shall be so operated beyond the expiration of a period of thirty days except during such time as the owner thereof" maintained the required insurance and carried the required permit.  G. L. (Ter. Ed.) c. 90, § 3.  The section in this form was construed in *English* v. *Blacher*, 297 Mass. 76, with reference to an accident which occurred in 1932. In that case it was said on page 78: "The word 'period' in the governing statute is limited in meaning to a total of not over thirty days during a calendar year" and, "We are of opinion that the instant statute does not afford protection for the operation of such an automobile for more than thirty days during a calendar year.  This construction alone is consistent with our prior decisions."  It was also said on page 79, "It seems to be established under our decisions that 'period of thirty days' in the statute formerly in force defining nonresidents in conjunction with automobiles is equivalent to an aggregate of thirty days in the calendar year."  The court cited *Hanson* v. *Culton*, 269 Mass. 471; *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 443; *S. C.* 289 Mass. 561; *Bellenger* v. *Monahan*, 282 Mass. 523, 530, and *Avila* v. *DuPont*, 278 Mass. 83, 87.  We think that the statements quoted were intended as a construction of the statute as it stood before the 1933 amendment and not merely as indicative of its minimum requirements.  The court further stated in *English* v. *Blacher*, at page 79, that it did not intend to construe the act of 1933.  It therefore now becomes important to determine whether the changes introduced by the amended statute of 1933 hereinbefore first quoted were such as to require a construction different from that reached in *English* v. *Blacher*.

We feel compelled to the conclusion that the change of wording in 1933 does require a construction different from that given to the language used before the amendment. In this case, as in all cases of the interpretation of statutes, we must remind ourselves of the danger of encroachment upon the field of legislation if we allow free play to our own notions of policy.  To be sure, reason and common sense are not to be abandoned in the interpretative process, as

it is to be supposed that the Legislature intended to act in accordance with them, but these are matters of opinion and judgment, and our duty relates primarily to the meaning of words. The word "period" as applied to time carries with it the idea of the separation of a designated interval of time from the flow of time in general. The words "a period" do not readily expand to include an irregular succession of times or periods of varying length, even though all are included within a calendar year. The guarded language of the court in *English* v. *Blacher* suggests that the construction there given was not then regarded as wholly free from difficulty. After the date of the accident in that case and before the accident in this case, the amendment of 1933 had expressly inserted the date of entry of the vehicle in any one year, or the acquisition by the nonresident owner of a regular place of abode or business within the Commonwealth, as definitely fixed beginnings of the "period of thirty days." It would seem that, according to the ordinarily accepted meaning of words, "a period of thirty days" which begins on a fixed date would end at the expiration of thirty days from that date. But a still stronger argument is to be found in the words "or the acquisition by such non-resident of a regular place of abode or business within the commonwealth," which were also added by the amendment of 1933. These words were not in the statute upon which *English* v. *Blacher* was decided. There can be no doubt that they were intended to set up a time for the beginning of the period of thirty days which should be in addition and in the alternative to "the date of entry of the vehicle in any one year." The period of thirty days was to run either from one date or from the other, whichever should allow the shorter time. And it could not have been intended that the period of thirty days, which is mentioned but once and in the same sentence that contains the two alternatives, should be construed as an aggregate of thirty days when measured after the date of entry and as a single period of thirty consecutive days when measured after the acquisition of a regular place of abode or business. The "period" must be computed in the same manner from

whichever starting point it begins. But there would seem to be no convincing reason for allowing an aggregate of thirty days after the acquisition of a regular place of abode or business. If the acquisition of a regular place of abode or business is to limit the privilege of continuing operation without registration or permit, must it not have been intended to allow a single period of thirty days after such acquisition as a reasonable time in which to procure registration or a permit? Moreover, carrying the argument a step further, if "a period of thirty days" means an aggregate of thirty days in all, spread over a longer time, then the alternative under which the beginning of the period is the acquisition of a regular place of abode or business, has no meaning at all, and that part of the statute is no more than empty words, for (a) if the nonresident's vehicle first entered before he acquired a regular place of abode or business, his acquisition of such a place could neither extend nor shorten his time of free operation, because that time would expire in any event at the expiration of thirty aggregate days from the entry, but (b) if his vehicle first entered after he acquired a regular place of abode or business, the thirty aggregate days of free operation would be the same days, whichever starting point should be taken. On the other hand, if "a period of thirty days" means a single period of thirty consecutive days, full effect is given to each alternative, as the thirty days would run either from the entrance of the vehicle or from the acquisition of the regular place of abode or business, whichever of those events occurred first. It is of course fundamental that a statute must, if possible, be so interpreted as to give effect to all its parts.

It is to be noted that the statute has again been amended by St. 1939, c. 325, so that the alternatives now consist of (1) "thirty days in the aggregate in any one year," the word "period" and any reference to a date of beginning being omitted, and "aggregate" inserted, and (2) "a period of thirty days after the acquisition" of a regular place of abode or business. For the reasons indicated, we must hold that the considerable changes in the wording of G. L. (Ter. Ed.)

c. 90, § 3, brought about by St. 1933, c. 188, and by St. 1939, c. 325, as hereinbefore set forth, were not mere changes in phraseology, but that they marked corresponding changes in substantive meaning. If this result is thought to work a hardship upon casual visitors and tourists, we can only say that the Legislature itself seems to have remedied the difficulty in the 1939 act, which of course came too late to affect this case.

Although the defendant did not set up as a defence that the plaintiff's automobile was unlawfully on the highway, its unlawful presence was evidence of contributory negligence, which was set up as a defence, and the ruling requested should have been given. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475; *MacInnis* v. *Morrissey*, 298 Mass. 505, 509. *Herman* v. *Sladofsky*, 301 Mass. 534, 538. G. L. (Ter. Ed.) c. 90, § 9.

*Exceptions sustained.*