### Northern District
### No. 4653
## CHEVY CHASE MOTOR CO.
### v.
## KEITH SCHMEISSER

*Brooks, J.* This is an action of tort in which plaintiff sues for damages to a motor vehicle owned by it and in collision with a motor vehicle of defendant on January 12, 1952. The answer includes a plea of illegal registration which is the sole point at issue.

The case was submitted on an agreed statement of facts the material parts of which are as follows. Plaintiff's automobile, bearing Maryland registration plates, was on January 12, 1952, in collision with defendant's automobile on Route 9 in the city of Newton, Mass. Plaintiff's automobile was being operated by Frederick H. Bowis whose permanent address was Chevy Chase, Maryland.

Defendant was negligent in the operation of his automobile at the time of the accident. The operator of plaintiff's car was in the exercise of due care. There was no agency between plaintiff and the operator of his motor vehicle, and plaintiff's operator was properly licensed to operate in Massachusetts. Plaintiff's automobile was at all times insured for an amount equal to the amount required under the Massachusetts Compulsory Automobile Insurance Act.

The operator of plaintiff's car was, at the time of the accident, a student at Mass. Institute of Technology, residing temporarily in Brookline. He is the son of Arthur H. Bosis, an officer of plaintiff corporation which is situated in Maryland. The car was given to the son for his personal use while in this

commonwealth. The operator was in this commonwealth with the automobile for most of the month of April, 1951, also for about one week early in September and from September 22, 1951, until January 12, 1952, the date of the accident, with the exception of approximately five days after the Thanksgiving recess period and approximately two weeks over the Christmas period.

Under the provisions of the non-resident privileges, so-called, as determined by the Registrar of Motor Vehicles of this Commonwealth, the right of the operator, Bowis, to operate within this Commonwealth was conditioned upon the privileges granted to residents of Massachusetts by the state of Maryland. These privileges were: *"Pleasure cars: 90 days for visitors, 30 days if gainfully employed."* Under Maryland law, registration runs from March 1st of one year to the following March 1st. Plaintiff's car was duly registered in Maryland on March 1, 1951.

It was agreed that if plaintiff was entitled to recover, damages may be assessed in the amount of $126.20.

Plaintiff filed the following Requests for Rulings:

1. That the plaintiff in the above case is a non-resident of Massachusetts.

2. That under General Laws, Chapter 90, Section 3, a motor vehicle properly registered in Maryland may be operated on the highways of this state for a period of thirty days in any one calendar year without said vehicle becoming an outlaw on said highways.

   See English vs. Blacker, 297 Mass. 76, 8 N. E. 2nd 343

3. That in the above case the accident happened on January 12, 1952 as agreed between the parties, and that, therefore, the plaintiff's motor vehicle was properly on the highways of this state at the time of this accident.

4. That the time during which the plaintiff's motor vehicle was in the state of Massachusetts during the calendar year of 1951 is not material in this case and does not render said motor vehicle an outlaw on the highways during the calendar year of 1952.

5. That since the plaintiff's motor vehicle was insured for an amount equal to the amount required under the compulsory insurance act of this state at all times while said motor vehicle was operated in this state, it was not an outlaw on the highways of Massachusetts, at the time of the accident.

See Rummel vs. Peters, 314 Mass. 504, 51 N. E. 2nd 57

6. That the fact that at the time of this accident, the operator of the plaintiff's motor vehicle did not carry a certificate of insurance in the car or in his possession does not make said motor vehicle an outlaw on the highways of Massachusetts at the time of this accident.

See *General Laws,* Chapter 90, Section 3

7. That upon all evidence as set forth in the agreed statement of facts, the plaintiff's motor vehicle was properly on the highways of Massachusetts at the time of this accident.

8. That the fact that the registration period in the state of Maryland was from March 1, 1951 to March 1, 1952 does not affect the validity of the plaintiff's registration in Massachusetts at the time of the accident."

The trial judge allowed Requests 1 and 6 and denied the remainder. He also made the following Findings of Fact: "I find all the facts as set forth in the Agreed Statement of Facts filed in this case on December 4, 1952." The trial judge found for defendant.

The question for decision is whether plaintiff's car was illegally upon the highways of Massachusetts at the time of the accident. If so, plaintiff cannot recover. The case is governed by G. L. c. 90, §3:

"Subject to the provisions of section three A and except as otherwise provided in section ten, *a motor vehicle* or trailer *owned by a non-resident who has complied with the laws relative to motor vehicles* and trailers, and the registration on and operation thereof, *of the state or country of registration, may be operated on the ways of this commonwealth without registration* under this chapter, *to the extent, as to length of time of operation and*

*otherwise, that, as finally determined by the registrar, the state or country of registration grants substantially similar privileges in the case of motor vehicles* and trailers *duly registered under the laws and owned by residents of this commonwealth; provided, that no motor vehicle* or trailer *shall be so operated on more than thirty days in the aggregate in any one year or, in any case where the owner* thereof acquired a regular place of abode or business or employment within the commonwealth, beyond a period of thirty days after the acquisition thereof, *except during such time as the owner thereof maintains in full force a policy of liability insurance* providing indemnity for or protection to him, and to any person responsible for the operation of such motor vehicle or trailer with his express or implied consent, against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, caused by such a motor vehicle or trailer, at least to the amount or limits required in a motor vehicle liability policy as defined in section thirty-four A."

The owner of the automobile in this case was a non-resident with no business or other connections, so far as appear, with Massachusetts. The record shows that his automobile was in use in this Commonwealth for at least 90 days in 1951 subsequent to April 1, and for 12 days in January, 1952, during which period it was fully insured. It is argued in the first place that because the accident happened on January 12, 1952, the automobile having 30 days to operate in any calendar year, had not exceeded the allowance; secondly, that because it was fully insured, it was permitted to operate without limitation as to time.

We interpret c. 90, §3 to mean that a visiting automobile is permitted operation in Massachusetts without local registration to the extent that the visitor's state permits out-of-state automobiles to be operated in that state, provided that an automobile

visiting Massachusetts may not be operated here without registration for more than 30 days in a calendar year unless fully insured, in which case it may be operated to the extent that the visitor's home state permits the operation of unregistered, foreign automobiles.

Applying that interpretation to the case before us, plaintiff's automobile, being fully insured, could be operated without registration for 90 days, this being the time permitted by Maryland law to visitors there. But plaintiff's automobile at the time of the accident had been in operation in Massachusetts for more than 90 days between the time of its registration in Maryland on March 1, 1951, and January 1, 1953. Were plaintiff's argument sound that his automobile was entitled to be operated for 30 days in January, 1952, on top of operation for over 90 days subsequent to March 1, 1951, a greater privilege would be granted plaintiff than would be granted the owner of a Massachusetts automobile visiting Maryland. We believe that the reciprocal provisions of section 3 are a fundamental and vital part of that statute and that the trial court properly denied defendant's Requests for Rulings, more specifically Request §3, which proceeded on the theory that plaintiff in this case had a right to have his car operated for 30 days in the year 1952.

For the same reason, we believe that plaintiff's Request for Ruling §5, relating to insurance, was properly denied. There is an added reason for this denial since the Request assumes that mere insurance of a visiting automobile entitles it to privileges of Massachusetts operation indefinitely without any payment by way of registration fees or otherwise for the privileges of using Massachusetts highways. This would be an anomalous situation and unjust to Massachusetts automobile owners upon whom falls the heavy expense of maintaining these highways.

We hold in short, that plaintiff's automobile was a trespasser on the highway on January 12, 1952,

and that the trial court did not err in its rulings and findings.

Report dismissed.

For Plaintiff: Max S. Ficksman.

For Defendant: James F. Lawton.