HERBERT P. KNOWLES *vs.* JOHN CASHMAN.

MABEL KNOWLES *vs.* SAME.

Middlesex. October 5, 1939. — January 22, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Motor Vehicle*, Nonresident, Operation. *Way*, Public: trespass.

Testimony by a plaintiff, a nonresident owner of an automobile, merely that he "came to the home of relatives" in this Commonwealth on a certain date would not require a finding that he then operated his automobile here so as to begin the period of thirty days operation permitted by G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188.

TWO ACTIONS OF TORT. Writs in the First District Court of Eastern Middlesex dated December 22, 1936.

On removal to the Superior Court, verdicts for the plaintiffs were returned before *Goldberg*, J., in the sum of $900 and $750, respectively.

*R. J. Dunn & J. F. Lawton*, for the defendant, submitted a brief.

*F. G. Hinckley*, (*S. Abrams* with him,) for the plaintiffs.

QUA, J. These are actions by a husband and wife for personal injuries sustained by each (and in the husband's case for property damage also) resulting from a collision between an automobile driven by the husband and an automobile driven by the defendant on a public way in Everett on November 26, 1936. The answer in each case consists of a general denial and an allegation of contributory negligence, without more.

An auditor to whom the cases were referred found that the "Knowles car" was registered in Vermont; that the defendant claimed that Knowles had left Vermont and driven his automobile in Massachusetts for a longer period than allowed by statute; and that the defendant claimed that the automobile was "illegally registered." The auditor further found that Knowles was intending to return to Vermont, "and that there was no illegal registration." Rule 88 of the Superior Court (1932) provides in part that at the trial of a case after the report of an auditor whose findings of fact are not final a party "shall have the right to introduce evidence other than the report only as to issues upon which he or some other party, by a writing filed . . . [within ten days after the filing of the report], reserves the right to introduce further evidence; but the court may permit amendment of such reservation at any time." The rule further provides that "Trial by jury in such cases may be upon issues framed or otherwise, as the court may direct." Under this rule the defendant reserved the right to introduce further evidence "on the following questions: 1. The due care of the defendant. 2. The negligence of the plaintiff. 3. Damages." No other issues were reserved. It does not appear that there was any amendment of the reservation at any time. At the trial "there was evidence which warranted the jury in returning a verdict for . . . [each] plaintiff," unless evidence now to be stated "required that the court rule as a matter of law" that a verdict be directed for the defendant because the Knowles automobile was on the highway in violation of G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188, relating to the operation of motor vehicles by nonresidents. The plaintiff Herbert P.

Knowles testified that in May, 1936, he and his wife moved from Maynard in this Commonwealth to Waterbury in the State of Vermont, where he took up his residence and obtained employment; that he and his wife lived there until about two weeks before the accident; that he bought the automobile in Vermont and registered it there in his name; that in September the plaintiffs came to the home of relatives in Maynard, where they remained over night, returning to Vermont the next day; that about two weeks before the date of the accident (November 26) the plaintiff Herbert P. Knowles lost his job in Waterbury, and both plaintiffs "drove" to Chelsea in this Commonwealth, where they lived for about two weeks prior to the accident with a brother of Herbert P. Knowles; that Herbert P. Knowles was seeking employment; that he considered himself a nonresident; and that he did not procure a policy of insurance or a permit to operate without registration as provided in said § 3. The only exception in each case is to the refusal to direct a verdict for the defendant.

The evidence outlined above did not as matter of law require the court in either case to direct a verdict for the defendant on the ground of violation by Knowles of G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188.

If Knowles, being a resident of Vermont, operated his automobile in this Commonwealth beyond the expiration of thirty consecutive days after the date of entry of the vehicle in the year 1936 without registration here and without insurance and a permit, such operation was a violation of the statute as it then read. *VanDresser* v. *Firlings, ante,* 51. See now, however, St. 1939, c. 325. But the evidence, as set forth in the record, fails to show this. There is nothing to show that Knowles brought his automobile into this Commonwealth when he and Mrs. Knowles visited at Maynard in September. So far as appears they may have come by train. So far as appears the "Knowles car" which was registered in Vermont first entered this Commonwealth about two weeks before the accident. There is nothing from which an earlier entry can be inferred.

There was in this case no request for a ruling similar to the one the refusal of which required the sustaining of the exceptions in *VanDresser* v. *Firlings, ante,* 51.

We need not decide whether failure to plead as a defence that the Knowles automobile was unlawfully on the highway, or failure to reserve that question as an issue apart from contributory negligence under Rule 88, furnishes additional justification for the refusal to direct verdicts for the defendant. See *VanDresser* v. *Firlings, ante,* 51, 56, and cases cited. Moreover, in any event, Mrs. Knowles would not be bound in her case by the testimony of her husband. It is also unnecessary to consider whether, if violation of the statute had been proved, Mrs. Knowles would have been entitled to the protection of c. 90, § 9, as a person who did not know or have reasonable cause to know of the violation. See *Knapp* v. *Amero,* 298 Mass. 517, 522.

In each case the entry will be

*Exceptions overruled.*