FREDERICK H. BOETTJER *vs.* LOTTIE F. CLARK.

Middlesex.     October 5, 1939. — January 22, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Motor Vehicle,* Nonresident, Operation. *Way,* Public: trespass.

An automobile of a nonresident operated in 1936 on a public way in the Commonwealth on an occasion "beyond a period of thirty days" after the date of its first entry here in that year without its being registered here and without a compliance with the requirements of § 3 of G. L. (Ter. Ed.) c. 90 as amended by St. 1933, c. 188, was a trespasser.

TORT. Writ in the Third District Court of Eastern Middlesex dated November 27, 1936.

On removal to the Superior Court, the action was tried before *Dillon,* J., who, after the recording with leave reserved of a verdict for the plaintiff in the sum of $1,500, ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

The bill of exceptions contained the following: "This case comes up on the plaintiff's exceptions to entry of a verdict for the defendant (under leave reserved) on the ground that the plaintiff's automobile was improperly on the highway." The plaintiff in his brief stated: "The only question at issue is whether as a matter of law the plaintiff's automobile was a trespasser on the highways of Massachusetts."

*W. T. Cavanaugh*, for the plaintiff.

*J. W. White*, (*A. F. Bickford* with him,) for the defendant.

QUA, J. This is an action for personal injury and property damage arising out of a collision between an automobile owned and operated by the plaintiff and an automobile operated by the defendant on a public way in Belmont on August 22, 1936.

The plaintiff was a resident of New York City. His automobile was registered in New York and was not registered in Massachusetts, and he had no permit from the registrar of motor vehicles to operate without registration here under G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188, which was in force when this accident occurred. The plaintiff's family were spending the summer at Annisquam in this Commonwealth, where the plaintiff's wife had hired a summer place in May or June. The plaintiff spent week ends there with his family. He was on his way to Annisquam at the time of the accident. He had come into this Commonwealth with his automobile on June 27 and had made about five trips with his automobile since then, being at Annisquam about fifteen days in all in that summer. There was evidence of the due care of the plaintiff and of the negligence of the defendant, but there was no evidence of wilful or wanton conduct on the part of the defendant.

The plaintiff's automobile was being operated "beyond a period of thirty days" after the date of its entry into this Commonwealth in that year without being registered and without the permit to operate without registration obtainable by properly insured nonresidents under G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188. The automobile was a "trespasser" upon the highway, and the

plaintiff cannot recover. The case is fully governed by
*VanDresser* v. *Firlings, ante,* 51, decided this day. It is
unnecessary to consider whether the plaintiff had acquired
"a regular place of abode" in this Commonwealth, within
the meaning of the statute. See now, however, St. 1939,
c. 325.

Although the defendant did not plead as a defence the
unlawful presence of the plaintiff's automobile on the high-
way, no question of pleading appears to have been raised.
Hence the ruling of the trial judge will stand. *Weiner* v.
*D. A. Schulte, Inc.* 275 Mass. 379, 385. *Maksymiuk* v.
*Puceta,* 279 Mass. 346, 352. *Breen* v. *Burns,* 280 Mass.
222, 228. Compare *Ferris* v. *Boston & Maine Railroad,*
291 Mass. 529, 533, and cases cited. See *Simpson* v. *Eastern
Massachusetts Street Railway,* 292 Mass. 562, 565.

*Exceptions overruled.*