PHILLIP W. CONNINGFORD *vs.* ARTHUR COTE.
PHILLIP E. CONNINGFORD *vs.* SAME.

Bristol.    October 28, November 26, 1940. — March 15, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Motor Vehicle,* Nonresident, Operation. *Way,* Public: trespass. *Negligence,* Violation of law, Motor vehicle, Contributory. *Evidence,* Competency. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether harmful. *Pleading, Civil,* Answer.

Although the operator of a motor truck seeking recovery for personal injuries sustained in a collision in 1935 upon a public way of this Commonwealth had admitted in cross-examination that the truck, which was registered in Rhode Island and was being operated here more than thirty days after a previous entry in that year, was neither registered here nor carried Massachusetts compulsory insurance, evidence that the operator had no permit under § 3 of G. L. (Ter. Ed.) c. 90, as amended by St. 1933, c. 188, to operate without a Massachusetts registration was also necessary to prove unlawful presence of the truck on the way, and the exclusion of such evidence was, on the record, prejudicial to the defendant.

In an action for injury sustained in a collision of motor vehicles, the defendant, without having pleaded in his answer that the presence of the plaintiff's vehicle on the way was in violation of law, was entitled to show such violation as evidence of contributory negligence, which was pleaded by him.

Two ACTIONS OF TORT.　Writs in the Second District
Court of Bristol dated October 7, 1935.

On removal to the Superior Court, the actions were tried
together before *Baker*, J.　There were verdicts for the plain-
tiffs, respectively, in the sums of $4,000 and $375.

*F. E. Smith*, (*W. J. Fenton* with him,) for the defendant.

*W. A. Torphy & J. P. McGuire, Jr.*, for the plaintiffs,
submitted a brief.

DOLAN, J.　These are two actions of tort, the first of
which is brought by a minor through his father and next
friend, to recover compensation for personal injuries sus-
tained as a result of a collision of motor vehicles, alleged
to have been caused by negligence of the defendant.　In
the second action the father of the minor seeks to recover
consequential damages.　The defendant's answer contains
a general denial, and allegations of "contributory negli-
gence of the plaintiff himself or the negligence of some
third person over whom the defendant had no control."
The jury returned a verdict for the plaintiff in both cases,
and they now come before us on the defendant's exceptions
to the exclusion of certain evidence, to the denial of his mo-
tions for directed verdicts, and to a portion of the judge's
charge in which he interpreted the provisions of G. L. (Ter.
Ed.) c. 89, § 8, the so called right of way statute.　The
minor plaintiff will be referred to hereinafter as the plaintiff.

The only argument addressed to us by the defendant in
connection with his exceptions to the denial of his motions
for directed verdicts is based on his contention that, since a
truck operated by the plaintiff was being operated at the
time of the accident more than thirty days after the date
of its entry into this Commonwealth contrary to the pro-
visions of G. L. (Ter. Ed.) c. 90, § 3, as amended by St.
1933, c. 188, the vehicle was a trespasser on the highway
and therefore the plaintiff cannot recover.

The accident occurred at the intersection of Fall River
and Warren avenues in Seekonk, in this Commonwealth,
at about 5:30 P.M. on September 23, 1935.　The plaintiff
was then sixteen years old, a resident of Greenwood, Rhode
Island, and was operating a motor truck owned by his

father.  The plaintiff used the truck in soliciting business
for himself as a radio technician and also on the business
of his employer, who conducted an electrical shop in War-
ren, Rhode Island.  He had driven the truck mostly during
the period from January, 1935, to the date of the accident.
He had driven it to Fall River "about June," to Swansea
in July, and also to Boston for materials to be used
in his business.  It was registered in Rhode Island and
"its only registration plates were Rhode Island plates."  It
"was not registered in Massachusetts . . . and it carried no
Massachusetts compulsory insurance."  These facts having
been elicited from the plaintiff on cross-examination, he
was then asked "if he had any license, permit or authority
from the registry of motor vehicles in Massachusetts to
operate the truck in Massachusetts and upon objection of
the plaintiff the defendant made an offer of proof that he
did not have such authority, and particularly with reference
to the truck involved in this accident.  The question was
excluded on the ground that the total number of days
that the plaintiff operated a car in Massachusetts did not
in the aggregate total thirty days in 1935, and the de-
fendant saved his exception."

So far as pertinent G. L. (Ter. Ed.) c. 90, § 3, as amended
by St. 1933, c. 188, in force at the time of the accident (see
now St. 1939, c. 325), limited the privilege of a nonresident
to operate his motor vehicle on the ways of this Common-
wealth without registration here to a period of not exceed-
ing thirty days commencing from the date of entry, "pro-
vided, that no motor vehicle . . . shall be so operated
beyond a period of thirty days after . . . the date of
entry of the vehicle . . . except during such time as the
owner thereof maintains in full force a policy of liability
insurance . . . nor unless the owner or operator of such
motor vehicle . . . while operating the same during such
additional time, has on his person or in the vehicle in some
easily accessible place a permit issued by the registrar
which then authorizes the operation of such vehicle without
registration under this chapter."  (See also § 9.)

In *VanDresser* v. *Firlings*, 305 Mass. 51, decided after

the present cases were tried, it is held that the period of thirty days fixed by the governing statute must be computed from the date of the first entry of the vehicle, and that the period fixed did not permit the operation of the vehicle for thirty days in the aggregate in any one year. See also *Boettjer* v. *Clark*, 305 Mass. 59. It follows that the ground assigned by the judge in excluding the evidence offered to show that the operator did not have a permit from the registrar to operate the truck in Massachusetts was erroneous.

We are of opinion, moreover, that it cannot be said that the exclusion of this evidence was not prejudicial error. It is true that the plaintiff had already admitted that the truck operated by him was "not registered in Massachusetts . . . [that] it had no Massachusetts registration plates on it and . . . carried no Massachusetts compulsory insurance." We think, however, that this evidence standing alone would not require a finding by the jury that the owner of the truck had not complied with the provisions of § 3 by maintaining in full force a policy of liability insurance and had not received a permit for the operation of the vehicle on our highways as provided in that section. The jury could reasonably infer that the compulsory insurance referred to by the plaintiff in the admission above quoted was that required for registration under § 2 as amended, as distinguished from that required for the issuance of a permit under § 3 as amended by St. 1933, c. 188.

Although the defendant did not set up as a defence that the truck operated by the plaintiff at the time of the accident was unlawfully on the highway, its unlawful presence, if proved, would be evidence of contributory negligence, which was set up as a defence, *VanDresser* v. *Firlings*, 305 Mass. 51, 56, and cases cited, and, violation of the statute being evidence of negligence, if it had any causal connection with the collision, the plaintiff could not recover. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475, 477. See *Baggs* v. *Hirschfield*, 293 Mass. 1, and cases cited. While proof of such a violation, where not specifically pleaded,

would not be conclusive as matter of law against the right of the plaintiff to recover, nevertheless under the defence of contributory negligence it would be evidence of negligence for the consideration of the jury. *Potter* v. *Gilmore,* 282 Mass. 49. *MacInnis* v. *Morrissey,* 298 Mass. 505, 509. *Herman* v. *Sladofsky,* 301 Mass. 534, 538. *Burns* v. *Winchell,* 305 Mass. 276, 277–278.

To establish that the truck operated by the plaintiff was being driven at the time of the accident in violation of the provisions of c. 90, the defendant was required to prove that it had neither been insured and registered under § 2 as amended, nor insured and permitted under § 3, as amended by St. 1933, c. 188. That it was not insured and registered under § 2, as amended, was established by the defendant, but to prove violation of the provisions of c. 90 the defendant was also required, and was entitled, to show that no permit had been issued for its operation under § 3 as amended by St. 1933, c. 188. It follows that the defendant's exception in each case to the exclusion of the evidence offered to show that no permit had in fact been issued under § 3 as amended by St. 1933, c. 188, must be sustained, and it is

*So ordered.*