PAUL Z. RUMMEL *vs.* LOUIS J. PETERS
(and a companion case [1]).

Norfolk. November 13, 1941. — September 13, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Motor Vehicle,* Nonresident, Operation. *Way,* Public: trespass. *Evidence,* Presumptions and burden of proof. *Domicil. Residence. Registrar of Motor Vehicles. Student. Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Error,* Whether error harmful. *Words,* "Nonresident," "Residence," "Legal residence," "Domicil."

The words "legal residence" in the definition of "Non-resident" in G. L. (Ter. Ed.) c. 90, § 1, mean domicil, so that one whose domicil is not in Massachusetts is such a "Non-resident" even though he has a regular place of abode or residence here in the ordinary sense.

One, whose domicil of origin had been in Pennsylvania, where he still owned property, paid his poll tax and voted, but who for several years had lived with his wife in Massachusetts during about nine months of each year for the purpose of studying at universities and of teaching for compensation, might properly be found to have his "legal residence" in Pennsylvania, and therefore to be a "Non-resident," within G. L. (Ter. Ed.) c. 90, § 1.

The courts cannot go behind a final determination by the registrar of motor vehicles of matters submitted to his determination under G. L. (Ter. Ed.) c. 90, § 3, as appearing in St. 1939, c. 325.

A student, living and studying in Massachusetts but nonresident within G. L. (Ter. Ed.) c. 90, § 1; § 3, as appearing in St. 1939, c. 325, and owner of an automobile properly registered in Pennsylvania, was entitled to operate it in Massachusetts without a Massachusetts registration in March, 1940, where it appeared that he carried the insurance specified in said § 3 and had complied with the motor vehicle laws of Pennsylvania and that, as determined by the Massachusetts registrar of motor vehicles, Pennsylvania granted to residents of Massachusetts privileges similar to those granted to residents of Pennsylvania

─────────

[1] The companion case was by Margaret G. Rummel against the same defendant.

by said § 3, the extent of the privileges granted by Pennsylvania being, as to students, "Unlimited during school term."

One studying for advanced degrees at a university was none the less a student although at the same time he earned money by teaching.

The matters submitted to the determination of the registrar of motor vehicles by G. L. (Ter. Ed.) c. 90, § 3, as appearing in St. 1939, c. 325, do not include the question, who are residents and nonresidents within that statute.

The "reciprocal" provision of G. L. (Ter. Ed.) c. 90, § 3, as appearing in St. 1939, c. 325, does not require the altering of the meaning of the word "Non-resident" therein to conform to different meanings of that word in the laws of States or countries of registration involved.

Although there was error in a denial by a judge sitting without jury of rulings requested by the defendant, who had the burden of proof on the decisive issue of the case, to the effect that a decision in his favor would be warranted on the evidence, the error was harmless where it appeared that a decision for the plaintiff by the judge was based on warranted findings of fact made after consideration of the evidence and requiring the decision for the plaintiff.

Two ACTIONS OF TORT. Writs in the Municipal Court of Brookline dated May 9, 1940.

The cases were heard by *Comerford, J.*

In this court the cases were argued at the bar in November, 1941, before *Field,* C.J., *Donahue, Qua, Dolan,* & *Ronan,* JJ., and afterwards were submitted on briefs to all the Justices.

*J. J. Finn,* for the defendant.

*M. Herman,* for the plaintiffs.

LUMMUS, J. On March 23, 1940, the plaintiffs, husband and wife, were riding in an automobile operated by the male plaintiff in Brookline, when his automobile was damaged and the female plaintiff was hurt by an automobile operated by the defendant which ran into the rear of the automobile in which they were riding. The defendant concedes that there was evidence of his negligence, and does not now contend that the plaintiffs were guilty of contributory negligence unless it was in operating or riding in an automobile which was not properly registered. *VanDresser* v. *Firlings,* 305 Mass. 51, 56. *Conningford* v. *Cote,* 308 Mass. 472, 475, 476. The answers set up not only contributory negligence, but also operation without legal registration. After findings for the plaintiffs, the defendant claimed a report be-

cause of the refusal of certain requested rulings. The Appellate Division dismissed the report, and the defendant appealed to this court.

The following findings were made. The male plaintiff lived in Pennsylvania all his life. His automobile was registered there in his name from January 1, 1940, until after the accident, and bore Pennsylvania registration plates at the time of the accident. But it had been registered in Massachusetts in his name during the year 1939. On his application for registration in 1939 he gave his "Massachusetts residential address" as "6 Autumn St., Brookline, Mass." and gave no other address although the form directed as follows: "(If non-resident, give legal address also.)." He testified that at the time of the accident his residential status was the same as in 1939. The plaintiffs were married in Pennsylvania, and about 1934 came to Massachusetts, where the male plaintiff studied at Harvard for two years for a degree of Master of Education, teaching school meantime in Newton under a teaching fellowship from Harvard. Then he studied three years at Boston University in order to obtain a degree of Doctor of Philosophy, teaching meanwhile at a school in Boston where he received $10 a week. He also received a credit on his tuition of $375 a year for working as an assistant in a department in Boston University. He obtained the last named degree in June, 1940. During these years the plaintiffs spent nine or ten months of each year in Massachusetts, returning home to Pennsylvania for the summer and the Christmas vacation. For the last three years they had an apartment on Autumn Street in Boston which they furnished themselves. Both had Massachusetts licenses to operate motor vehicles at the time of the accident, and the male plaintiff had a liability policy in accordance with the Massachusetts statute, G. L. (Ter. Ed.) c. 90, § 3, as revised by St. 1939, c. 325.

The male plaintiff owned furniture and real estate in Pennsylvania, and paid his poll tax there. Although he received a Massachusetts poll tax yearly, it was waived, and he never paid it. He voted in Pennsylvania, and has never voted in Massachusetts. He was a full time member of the summer

faculty of a college in Pennsylvania. He registered his automobile in Massachusetts in 1939 because he intended to teach here in the summer, but in fact he did not. The judge found that the teaching that he did in Massachusetts was not at a regular place of business or employment. The judge found that the plaintiffs were residents of Pennsylvania, and that the male plaintiff was permitted to operate a motor vehicle, with Pennsylvania plates only, in Massachusetts under the law of Massachusetts.

It has been settled by a series of cases, beginning with *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, that the owner of a motor vehicle not duly registered here and not permitted on the ways of this Commonwealth by G. L. c. 90, § 3, as amended, cannot recover for injury to the vehicle or to his person caused by the negligence of another while such vehicle was unlawfully upon such ways. *Potter* v. *Gilmore*, 282 Mass. 49. *English* v. *Blacher*, 297 Mass. 76, 77. *Malloy* v. *Newman*, 310 Mass. 269, 273, 274. *Fouquette* v. *Millette*, 310 Mass. 351, 354. *Strogoff* v. *Motor Sales Co. Inc.* 302 Mass. 345, 346. The burden of proof that the vehicle was unlawfully upon the ways of the Commonwealth is on the defendant. *Brewer* v. *Hayes*, 285 Mass. 144, 145. *Burns* v. *Winchell*, 305 Mass. 276, 278. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 285. *Dunn* v. *Merrill*, 309 Mass. 174, 175. *Russell* v. *Holland*, 309 Mass. 187, 190.

But it is provided that the operation of an unregistered motor vehicle not permitted by G. L. c. 90, § 3, as amended, shall not constitute a defence in an action of tort by a person not the owner or operator of the vehicle, "unless it is shown that the person so injured . . . knew or had reasonable cause to know that this section was being violated." G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361. *Knapp* v. *Amero*, 298 Mass. 517. The female plaintiff in the present case, however, can gain no advantage from that section, for she knew all the facts relative to the legality of the operation of the motor vehicle in which she was riding. *Brennan* v. *Schuster*, 288 Mass. 311.

The statute permitting the operation on the ways of this Commonwealth of a motor vehicle owned by a nonresident

and registered elsewhere is G. L. c. 90, § 3, as later amended. By that section as revised by St. 1931, c. 142, § 2, and St. 1933, c. 188, a motor vehicle "owned by a non-resident who has complied with the laws relative to motor vehicles . . . , and the registration and operation thereof, of the state or country of registration," may be operated on the ways of this Commonwealth without registration here, "to the extent, as to length of time of operation and otherwise, that, as finally determined by the registrar [of motor vehicles], the state or country of registration grants substantially similar privileges in the case of motor vehicles . . . duly registered under the laws and owned by residents of this commonwealth." That right to operate here was absolute for a period of thirty days "after either the date of entry of the vehicle in any one year or the acquisition by such non-resident of a regular place of abode or business within the commonwealth," whichever event occurred first. *Van Dresser* v. *Firlings*, 305 Mass. 51. *Knowles* v. *Cashman*, 305 Mass. 56, 58. *Boettjer* v. *Clark*, 305 Mass. 59. *Conningford* v. *Cote*, 308 Mass. 472. *Malloy* v. *Newman*, 310 Mass. 269, 271. *Apger* v. *New York Central Railroad*, 310 Mass. 495. *Rozzi* v. *Caggiano*, 310 Mass. 752. After the expiration of said thirty days the right continued, provided, "first, the . . . [owner] maintained in full force a policy of liability insurance providing indemnity against loss by reason of the liability to pay damages to others for bodily injury or death caused by the . . . automobile, and, second, the . . . [owner] or the operator of the automobile, 'while operating the same . . . , has on his person or in the vehicle in some easily accessible place a permit issued by the registrar which then authorizes the operation of such vehicle without registration under this chapter.'" *Malloy* v. *Newman*, 310 Mass. 269, 272. *Conningford* v. *Cote*, 308 Mass. 472. This permit "would not be issued unless the applicant had obtained a contract of insurance similar to that required of residents." *Apger* v. *New York Central Railroad*, 310 Mass. 495, 497.

Statute 1939, c. 325, while in form a revision of the earlier statute, in reality made but two changes in the right of a

nonresident to have his motor vehicle operated in Massachusetts without registration here. First, it changed the period of absolute right to not "more than thirty days in the aggregate in any one year," and, "in any case where the owner thereof acquires a regular place of abode or business or employment within the commonwealth" to not more than "a period of thirty days after the acquisition thereof." After the expiration of these periods the right to operate without registration here continues, with the same proviso as to insurance as in the earlier statute. The second change made was that the necessity of a permit was eliminated. *VanDresser* v. *Firlings,* 305 Mass. 51, 55. *Apger* v. *New York Central Railroad,* 310 Mass. 495, 498. The only later amendment, St. 1941, c. 282, has no bearing on the right of a nonresident individual.

No person is permitted to have his motor vehicle operated on the ways of this Commonwealth without registration here, unless the vehicle is owned by a nonresident and its operation is permitted by G. L. (Ter. Ed.) c. 90, § 3, as revised by St. 1939, c. 325. This is settled by G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361. A resident, as distinguished from a nonresident, must in all cases obtain registration here. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105. *Apger* v. *New York Central Railroad,* 310 Mass. 495, 497. The first and principal question in these cases is whether the male plaintiff was a nonresident within the permission of G. L. (Ter. Ed.) c. 90, § 3, as revised by St. 1939, c. 325.

The statutory definition of a nonresident as used in that statute has been changed several times. Prior to the time in June, 1931, when St. 1931, c. 142, § 1, took effect, the definition of a nonresident had been one who had no regular place of abode or business in the Commonwealth for a period, at first of more than three months, and then after 1914 of more than thirty days. St. 1909, c. 534, § 1. St. 1914, c. 204, § 1. St. 1915, c. 16, § 1. G. L. (1921), c. 90, § 1. St. 1923, c. 464, § 1. St. 1924, c. 189. Then by St. 1931, c. 142, § 1, now contained in G. L. (Ter. Ed.) c. 90, § 1, the definition became "any person whose legal resi-

dence is not within the commonwealth." Statute 1933, c. 188, was the first statute that expressly provided for a retention of the status of nonresident after the acquisition of a regular place of abode here maintained for more than a short period. In *Hanson* v. *Culton*, 269 Mass. 471, the fact that in 1927 a man domiciled in Rhode Island hired a room in Boston which he occupied for about three nights a week during the winter while working in Boston as a scenic artist was held to exclude him from the then statutory definition of nonresident, because he had a regular place of abode in Boston for more than thirty days. In *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444, it was held that one formerly domiciled in another State could not be a nonresident after becoming domiciled here, although he had been domiciled here less than thirty days, and it was said that "Any other interpretation would in conceivable instances enable a roving resident of the Commonwealth not remaining more than thirty days in one abode to escape registration according to the laws of the Commonwealth for considerable periods."

In *Jenkins* v. *North Shore Dye House, Inc.* 289 Mass. 561, 566, decided under the statutory definition of nonresident in force in 1927, it was said, "The word 'non-resident' is not defined in the statute in terms descriptive of the character of the residence in their home state or country of the persons to whom the privilege of operating in this State without a Massachusetts registration is given." The plaintiff's intestate in that case lived in Rhode Island until July, 1927, when he gave up his job and his room in Rhode Island, and went on a vacation in Maine with his wife. On his return from Maine in August he got his automobile from Rhode Island and then lived with his wife in this Commonwealth until he was killed in this Commonwealth on September 12, 1927. About a week before, he had told a Massachusetts motor vehicle inspector that he had been in Massachusetts less than thirty days, that he was still a resident of Rhode Island, and that if he got steady work he would stay in Massachusetts and get a Massachusetts registration. It was held that he could have been found a

resident of Rhode Island and a nonresident here. In *Avila v. DuPont*, 278 Mass. 83, a man domiciled in Delaware had a summer home in Massachusetts which was open from July 1, 1928, until after the accident on August 11, 1928. It was held that he was not a nonresident under the statute, for he had had a regular place of abode here for more than thirty days. In *Brennan* v. *Schuster*, 288 Mass. 311, a student, domiciled in New York, lived in a college dormitory in Massachusetts in 1930 for more than thirty days, and it was held that afterwards he was not a nonresident under the statutory definition.

Under G. L. c. 90, §§ 1 and 3, as they now stand, a person whose "legal residence" is not in this Commonwealth may be a "non-resident" entitled to have his motor vehicle, registered elsewhere, operated here without Massachusetts registration, even though he has acquired and has maintained indefinitely in this Commonwealth a "regular place of abode" — in other words, a regular residence — provided he has not become domiciled here. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440.

Thus it appears that "legal residence" in the statutory definition is something more than residence in the ordinary sense. Residence is a word of varied meanings, ranging from domicil down to personal presence with some slight degree of permanence. *Marlborough* v. *Lynn*, 275 Mass. 394, 396–398. *Ness* v. *Commissioner of Corporations & Taxation*, 279 Mass. 369. *Plymouth* v. *Kingston*, 289 Mass. 57, 60. *Cambridge* v. *West Springfield*, 303 Mass. 63, 67. *Lakeville* v. *Cambridge*, 305 Mass. 256, 259. *Russell* v. *Holland*, 309 Mass. 187, 190, 191. Am. Law Inst. Restatement: Conflict of Laws, § 9, comment (e). It means "in general a personal presence at some place of abode with no present intention of definite and early removal and with a purpose to remain for an undetermined period, not infrequently but not necessarily combined with a design to stay permanently." *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444.

A person may have more than one "regular place of abode" or residence. *Avila* v. *DuPont*, 278 Mass. 83, 87. *Russell* v. *Holland*, 309 Mass. 187, 191.

In *Tuells* v. *Flint*, 283 Mass. 106, 109, Rugg, C.J., said: "Cases arise in which there is a distinction between domicil and residence. A person may have a residence in one place for various reasons comparatively temporary in nature such as performing the duties of an office, transacting a business, seeking improvement in health, pursuing pleasure or visiting relatives, and yet have his permanent home or domicil in a different place." *Russell* v. *Holland*, 309 Mass. 187, 191. *Kennedy* v. *Simmons*, 308 Mass. 431, 435. *District of Columbia* v. *Murphy*, 314 U. S. 441, 453. In Am. Law Inst. Restatement: Conflict of Laws, § 9, comment (e), it is said: "It [residence] may mean something more than domicil; the domicil, namely, at which a person is resident. On the other hand, it may mean something less than domicil; a dwelling-place adopted for the time being, but not necessarily with such an intention of making a home there as to create a domicil."

Domicil has been said "to be the place of one's actual residence with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode." *Tuells* v. *Flint*, 283 Mass. 106, 109. *Katz* v. *Katz*, 274 Mass. 77, 80, 81. *Commonwealth* v. *Davis*, 284 Mass. 41, 50. *Lakeville* v. *Cambridge*, 305 Mass. 256, 260. *Kennedy* v. *Simmons*, 308 Mass. 431, 435. *Slater* v. *Munroe*, 313 Mass. 538, 545. *Texas* v. *Florida*, 306 U. S. 398, 424. The Am. Law Inst. Restatement: Conflict of Laws, § 9, defines domicil as "the place with which a person has a settled connection for certain legal purposes, either because his home is there, or because that place is assigned to him by the law." The following cases are interesting illustrations. *Harvard College* v. *Gore*, 5 Pick. 370. *Wilbraham* v. *Ludlow*, 99 Mass. 587. *Hallett* v. *Bassett*, 100 Mass. 167. *Thayer* v. *Boston*, 124 Mass. 132. *Barron* v. *Boston*, 187 Mass. 168. *Whately* v. *Hatfield*, 196 Mass. 393. *Winans* v. *Winans*, 205 Mass. 388. *Ness* v. *Commissioner of Corporations & Taxation*, 279 Mass. 369. *Levanosky* v. *Levanosky*, 311 Mass. 638. *Bowditch* v. *Bowditch*, ante, 410. *Texas* v. *Florida*, 306 U. S. 398.

In *Borland* v. *Boston*, 132 Mass. 89, 95, it is said: "A man

need not be a resident anywhere. He must have a domicil. He cannot abandon, surrender or lose his domicil, until another is acquired. A cosmopolite, or a wanderer up and down the earth, has no residence, though he must have a domicil." *Tax Collector of Lowell* v. *Hanchett,* 240 Mass. 557, 558. *Commonwealth* v. *Ballou,* 283 Mass. 304, 313. *Commonwealth* v. *Davis,* 284 Mass. 41, 49. *Desmare* v. *United States,* 93 U. S. 605, 610. A person can have but one domicil at a time. *Gardiner* v. *Brookline,* 181 Mass. 162, 165. *Tax Collector of Lowell* v. *Hanchett,* 240 Mass. 557, 558. *Doyle* v. *Goldberg,* 294 Mass. 105, 108. *Slater* v. *Munroe,* 313 Mass. 538, 546. *Williamson* v. *Osenton,* 232 U. S. 619, 625. Domicil has no necessary connection with the duty of allegiance or with rights of citizenship. A domicil in a country may be acquired by an alien, a citizen of another country. *Commonwealth* v. *Acker,* 197 Mass. 91, 93. *Kapigian* v. *Minassian,* 212 Mass. 412. *Livingston* v. *Maryland Ins. Co.* 7 Cranch, 506. *The Venus,* 8 Cranch, 253. *The Friendschaft,* 3 Wheat. 14. *Ennis* v. *Smith,* 14 How. 400. *Lem Moon Sing* v. *United States,* 158 U. S. 538. *United States* v. *Wong Kim Ark,* 169 U. S. 649. *Eidman* v. *Martinez,* 184 U. S. 578. *Juragua Iron Co. Ltd.* v. *United States,* 212 U. S. 297. *Stein* v. *Fleischmann Co.* 237 Fed. 679, 680. *Mather* v. *Cunningham,* 105 Maine, 326. *In re Coppock's Estate,* 72 Mont. 431. *Harral* v. *Harral,* 12 Stew. (N. J.) 279. *Matter of Hernandez,* 172 App. Div. (N. Y.) 467, affirmed 219 N. Y. 566. *In re Tallmadge,* 109 Misc. (N. Y.) 696. *Bater* v. *Bater,* [1906] P. 209.

The expression used in our statutory definition of a non-resident is "any person whose legal residence is not within the commonwealth." The statute contemplates that a man may be a nonresident although he has a regular place of abode or residence here. Although the meaning of the words "principal residence" has been somewhat discussed in cases in which an applicant for registration of a motor vehicle has named one of his two residences under a statute requiring him to state his "place of residence and address" (*Doyle* v. *Goldberg,* 294 Mass. 105, 107; *Caverno* v. *Houghton,* 294 Mass. 110; *Harnden* v. *Smith,* 305 Mass. 485), there is no

intermediate concept with any clearly defined legal meaning that lies between domicil and ordinary residence as defined in *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444. The words "whose legal residence" in the statutory definition indicate that the Legislature conceived of a "legal residence" as something of which a person must have one and cannot have more than one. That is true of domicil, but not of residence in the ordinary sense. The expression "legal residence" has been used in the sense of domicil. *Sampson* v. *Sampson*, 223 Mass. 451, 461. *Slater* v. *Munroe*, 313 Mass. 538, 546. Am. Law Inst. Restatement: Conflict of Laws, § 9, comment (e). That is the sense, in our opinion, in which that expression is used in our statutory definition of "non-resident."

Within that definition, so interpreted, the male plaintiff could be found to be a nonresident, and the judge found that he was. Even if the male plaintiff had no residence in Pennsylvania, his domicil of origin in that State continued unless and until he acquired a domicil in Massachusetts. It could be found that he never acquired one here.

No question is made as to the legality of the registration in Pennsylvania, or as to compliance by the male plaintiff with the laws of that State. Even if the period of absolute right to operate here, without registration, the motor vehicle of a nonresident registered in Pennsylvania, had expired, the right so to operate it here nevertheless continued subject to the condition as to maintaining liability insurance. It was agreed by the parties, and found by the judge, that such insurance was maintained.

As has already been shown, the right of a nonresident to have his motor vehicle, registered in another State, operated in Massachusetts without registration here, under G. L. c. 90, § 3, as amended by St. 1931, c. 142, § 2, St. 1933, c. 188, and St. 1939, c. 325, is qualified so that the right exists only "to the extent, as to length of time of operation and otherwise, that, as finally determined by the registrar [of motor vehicles], the state or country of registration grants substantially similar privileges in the case of motor vehicles . . . duly registered under the laws and owned by residents

of this commonwealth." At the time of the accident the registrar of motor vehicles, under date of September 27, 1939, had determined that the State of Pennsylvania grants to residents of Massachusetts similar privileges to those granted to residents of Pennsylvania by G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1939, c. 325, and that the extent of the privileges so granted is as follows: "Pleasure cars and trucks: Unlimited. . . . Students: Unlimited during school term."

The provision for unlimited operation of pleasure cars and trucks is found in Pennsylvania Vehicle Code, Title 75, § 99, as amended June 27, 1939, by Penn. Pub. Laws, 1135, § 6. We do not find any Pennsylvania statute authorizing the operation by students of motor vehicles during the school term. Yet the registrar, under the authority of the statute just quoted, has "finally determined" that there is such a law in Pennsylvania, and we cannot go behind his determination. It may be that the statement that students are authorized to operate motor vehicles without limitation during the school term is an administrative interpretation of the definition of a nonresident in Pennsylvania Vehicle Code, Title 75, § 2, to the effect that the dwelling of a student from another State during the school term is not a "regular place of abode." That definition is this, omitting immaterial exceptions: "Any resident of any State or country who has no regular place of abode or business in this Commonwealth for a period of more than thirty (30) consecutive days in the year." The registrar summarizes that definition as follows: "Persons having regular place of abode or business, except a summer residence, in Pennsylvania for more than 30 consecutive days ceases [*sic*] to be non-resident." The provision as to students, as determined by the registrar, would authorize the operation in Pennsylvania of the motor vehicle of a student resident in Massachusetts at a like time and under like circumstances as the operation by the male plaintiff in this case, and would thus meet the reciprocal provision of our statute, even though the student had a place of abode in Pennsylvania for the purpose of study. A student does not lose his status as such merely because he earns

money to help pay for his tuition or his living expenses. *In re Tam Chung,* 223 Fed. 801. *United States* v. *Lau Chu,* 224 Fed. 446. *Moy Kong Chiu* v. *United States,* 246 Fed. 94. *United States* v. *Curran,* 15 Fed. (2d) 266.

The Appellate Division rested its decision in favor of the plaintiffs upon the provision as to students already discussed. But there is a broader ground upon which the same result may rest. The definitions of "non-resident" in the Pennsylvania statute and in the Massachusetts statute cover the great mass of residents of one State who find occasion to have their motor vehicles operated in the other. The question of similarity of privileges, for the purposes of the reciprocal provision of our statute, is submitted to the registrar for final determination only as "to the extent, as to length of time of operation and otherwise" of the privileges granted in Pennsylvania to residents of Massachusetts. The question, who are residents and nonresidents, is not submitted to him. We think that our Legislature did not intend that our definition of a nonresident should be whittled down to conform to narrower definitions in some other State or country whenever a motor vehicle registered in such State or country is involved. If that were to be done, we should have, not one definition of a nonresident, but many definitions, depending upon the shifting legislation of other sovereignties. Accordingly, we think that the male plaintiff could be found to be a nonresident under our definition, without regard to any narrower definition prevailing in Pennsylvania.

The question remains, whether there was error in the denial of any of the requests for rulings made by the defendant, in any respect not covered by what has been said. The only requests in the case of the female plaintiff that appear to need discussion are the following: "2. Upon all the evidence a finding for the defendant would be warranted. 3. The court would be warranted in finding that the car, owned and operated by the plaintiff's husband and in which the plaintiff was a passenger, was a nuisance . . . ." The only requests in the case of the male plaintiff that appear to need discussion are the following: "2. Upon all the

evidence a finding for the defendant would be warranted. 3. Upon all the evidence a finding that the car owned and operated by the plaintiff was a nuisance would be warranted." The judge denied the requests numbered 2 with a reference to Rule 27 of the District Courts (1940). He denied the requests numbered 3 with a statement that they were not applicable to the facts as found by him. His findings of fact, which are recited, are that the male plaintiff "lived in Pennsylvania all his life," that the "plaintiffs were residents of Pennsylvania," and that the male plaintiff "was permitted to operate a motor vehicle with Pennsylvania plates alone in Massachusetts under the law of Massachusetts." Various subsidiary findings have already been stated.

When the evidence was concluded, and before any findings were made, the rulings requested seem to have been proper to be given. Domicil is largely a question of fact, and intention is important. *Kennedy* v. *Simmons*, 308 Mass. 431, 435. *Levanosky* v. *Levanosky*, 311 Mass. 638, 642. We assume that the judge might have disbelieved the evidence of continuing domicil in Pennsylvania, and drawn inferences that would establish a domicil in Massachusetts. We assume that the judge as the fact-finding tribunal might have decided either way.

It has been settled since *Bresnick* v. *Heath*, 292 Mass. 293, 298, that in a case tried without jury the party having the burden of proof is entitled on request to a ruling that the evidence warrants a finding that the burden has been sustained, if that is true. Only in that way can he make sure that a decision against him is not based upon the erroneous ground that on the evidence there is nothing for the fact-finding tribunal to consider. Failure to give such a ruling on request is equivalent to, and implies, a ruling that as matter of law such a finding cannot be made. A decision against that party will be deemed on appeal the result of such ruling of law, and not the result of a consideration of the question of fact, unless the contrary is demonstrated by specific findings of fact as distinguished from a mere assertion that unstated findings make the requested

ruling immaterial. Consequently, if such ruling was erroneous, and its immateriality is not so demonstrated, the decision will be reversed on appeal, for such party has been harmed by being deprived of his right to have the evidence considered on the question of fact. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Marquis* v. *Messier*, 303 Mass. 553, 555, 556. *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 603–605. *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 653, 654. *Mansfield* v. *Spear*, 313 Mass. 685. *Perry* v. *Hanover*, ante, 167, 174–176. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447, 448. *Barry* v. *Sparks*, 306 Mass. 80, 85, 86. *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 603, 604, 605. Rule 27 of the District Courts (1940). Rule 28 of the Municipal Court of the City of Boston (1940).

We need not inquire whether the requests complied with Rule 27 of the District Courts (1940), which provides that "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." For the purpose of this discussion we assume that the requests complied with the rule. The Appellate Division did not take the point, and did not discuss the requests. See *DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321, 325.

It appears from the findings that the decision in favor of the plaintiffs was not the result of any error in denying the requests or of any ruling of law implied in such denial. The action of the judge upon the requests, even if erroneous, was therefore harmless. The decision in favor of the plaintiffs was based upon findings that required the decision, made after consideration of the question of fact. *Ajax Shoe & Leather Co.* v. *Selig*, 305 Mass. 389, 391. *Perry* v. *Hanover*, ante, 167, 175–176. *Lyons* v. *Hennessey*, ante, 359, 363.

*Order dismissing report affirmed in each case.*