*Northern District*

No. 4786

**HARRY R. COCHRANE**

**v.**

**CLARENCE R. EASTER**

(April 20, 1955)

*Brooks, J.* This is an action of tort for property damage arising out of an automobile collision between plaintiff's and defendant's automobiles. Counts three and four of the declaration allege that defendant's automobile was unregistered and therefore a trespasser on the highway. The answer is general denial, contributory negligence and lack of responsibility on defendant's part for damage caused by the operator of his car. Another defendant by name of Arrowsmith, originally in the case, defaulted and damages have been assessed against him. (Trial judge-Cherry, J.)

Defendant's automobile, driven by Arrowsmith, collided with plaintiff's automobile. The court found plaintiff to have been in the exercise of due care and Arrowsmith to have been negligent. The part of the court's finding, which is pertinent to the issue before us, is as follows:

"The defendant Easter was an officer in the United States Coast Guard and was attached to the Salem base. He was living with his family at Beverly in a single family house, from 1948 to the date of the accident. Before he came into the Commonwealth of Massachusetts and at the time of the accident, his motor vehicle bore Missouri registration plates. The motor vehicle was, however, covered by insurance for personal injuries, as required by the laws of the Commonwealth of Massachusetts; but it was not registered in this Commonwealth from 1948 and up to the time of the accident. There was no evidence that the defendant Easter acquired a 'legal residence' or domicile in the State of Missouri prior to 1948. On the other hand, except for the fact that the defendant Easter was an officer in the United States Coast Guard and was stationed at Salem and lived in Beverly, in this Commonwealth, since 1948, there was no other evidence to prove that he acquired a 'legal residence' or domicile within this Commonwealth. Since the burden of proving 'legal residence' is upon the plaintiff, I find that the plaintiff did not sustain the burden of proof resting upon him."

Defendant filed requests for rulings which, together with the court's action thereon, are set forth as follows:

"1.  The evidence warrants a finding for the plaintiff on Count 1.

Given.

2.  The evidence warrants a finding for the plaintiff on Count 2.

Given.

3.  The evidence warrants a finding for the plaintiff on Count 3.

Not given.  See finding of facts.

4.  The evidence warrants a finding for the plaintiff on Count 4.

Not given.  See finding of facts.

5. The evidence warrants a finding that Easter was a resident of Massachusetts prior to and at the time of the collision.

   Not given.

6. The evidence warrants a finding that Easter was not a non-resident within the meaning of G.L. (Ter. Ed.) C. 90 at the time of the alleged accident.

   Not given (as amended).

7. As matter of law Easter's car was a nuisance and trespasser on the highway at the time of the collision.

   Not given. See finding of facts.

8. The registration of the car alleged to have damaged the plaintiff's motor vehicle in the name of the defendant Easter as owner thereof is prima facie evidence that it was being operated at the time of the collision by and under the control of a person for whose conduct Easter was legally responsible, and absence of such responsibility is an affirmative defence to be set up in the answer and proved by the defendant. G.L. (Ter. Ed.) C. 231 sec. 85A.

   Given."

The burden was on plaintiff to show illegal registration. *Dunn v. Merrill*, 309 Mass. 174, 175; *Hummell v. Peters*, 314 Mass. 504, 507.

Residence, under c. 901, is synonymous with domicile. *Hummell v. Peters*, 314 Mass. 504, 511.

The issue is whether plaintiff has proved his contention that as a matter of law defendant was domiciled in Massachusetts.

Plaintiff makes much of the fact that defendant was a career officer in government service. If anything, that militates against his contention of residence in Massachusetts, since his stay in any locality is less likely to be permanent than that of most persons. Residence for three years in Massachusetts with family is the only evidence of domicile in Massachusetts.

Registration of defendant's automobile in Missouri is the only evidence of his domicile elsewhere. Residence not being sufficient to establish domicile and the

burden being on the plaintiff to prove it, the judge having ruled that this burden has not been sustained, we are not disposed to find this ruling erroneous as a matter of law.

Report dismissed.

Steinberg & McNiff, for the plaintiff.

Willard, Peterson, Goodspeed & Cameron, for the defendant.