## UNITED STATES v. ELIASEN.

(District Court, W. D. Washington, N. D. March 24, 1926.)

No. 463.

1. **Aliens ⬅71½—Apart from statute, equity has no jurisdiction to annul grant of citizenship, except perhaps for fraud.**

Apart from statute, equity has no jurisdiction to annul grant of citizenship, except perhaps for fraud, and no statute goes farther, and confers jurisdiction to avoid grant for any other reason, or because grantee has terminated rights and duties created by grant.

2. **Aliens ⬅71½—Statute providing that naturalized citizen residing two years in native land is presumed to have ceased to be American citizen is mere rule of evidence, and does not contemplate avoidance of citizenship by suit (Comp. St. § 3959).**

Comp. St. § 3959, providing that naturalized citizen residing two years in native land is

11 F.(2d)—50

presumed to have ceased to be American citizen, is mere rule of evidence and does not contemplate avoidance of citizenship by suit, nor confer jurisdiction in equity to that end.

3. **Citizens ⬅13—Grant of citizenship valid in its inception is not invalidated in its origin by subsequent termination thereof by expatriation, nor impair rights which accrued thereunder (Comp. St. §§ 3959, 4374).**

If grant of citizenship is valid in its inception, its subsequent termination by grantee's expatriation, under Comp. St. § 3959, does not invalidate its origin, nor impair rights which accrued thereunder; section 4374 not being applicable.

4. **Aliens ⬅71½—Naturalized citizen's oath that he had not subsequently been naturalized in his native land, in connection with circumstances, held to overcome statutory presumption of expatriation arising from two years' residence abroad (Comp. St. §§ 3959, 4374).**

Naturalized citizen's oath that he had not been subsequently naturalized in Norway, his native land, to which he had returned, in connection with circumstances, and in absence of proof that laws of Norway otherwise admit persons to membership of that nation, *held* to overcome presumption of expatriation arising from two years' residence abroad, under Comp. St. § 3959; section 4374 relating to citizenship procured by fraud, not applying.

5. **Aliens ⬅71½—Grant of citizenship is not to be avoided, save by evidence which in quality and quantity commands credibility virtually beyond reasonable doubt.**

Like any grant, that of citizenship is not to be avoided save by evidence which in quality and quantity commands credibility and inspires conviction of truth of charge virtually beyond reasonable doubt.

6. **Citizens ⬅13—Naturalized citizen's mere residence abroad, however long continued, does not absolve from allegiance.**

Naturalized citizen's mere residence abroad, however long continued, does not absolve from allegiance, for that accrues only from new allegiance assumed abroad.

7. **Citizens ⬅13.**

Naturalized citizen's failure to report to American consuls after his return to native land *held* immaterial, on issue of his expatriation under Comp. St. § 3959.

In Equity. Suit by the United States against Emil Oliver Eliasen. Decree for defendant.

Thomas P. Revelle, U. S. Dist. Atty., and Arthur E. Simon, Asst. U. S. Dist. Atty., both of Seattle, Wash.

Daniel Landon, of Seattle, Wash., for defendant.

BOURQUIN, District Judge. In this suit in equity to cancel defendant's grant or certificate of citizenship, as grounds therefor the bill alleges that one year subsequent to

naturalization defendant returned to Norway, his native land, for seven years visited and labored there, "did again become a subject of Norway, and thereby vitiated his American citizenship and became expatriated," and then returned to the United States. The answer denies that defendant became a subject of Norway, or an expatriate.

At the trial it is agreed that defendant is now in Norway, and the evidence consists of his statements orally and in affidavit made to naturalization agents, in substance to the visits and labors aforesaid, that therein he used Norwegian passports, that people in general assumed he was a Norwegian subject, and he told no one of his American citizenship, save inquiring friends, that he did not report to or register as an American citizen with any American consul in Norway, and that he re-entered the United States as an American citizen.

[1] Apart from statute there is no jurisdiction in equity to annul a grant of citizenship, save perhaps as in any case of a grant procured by fraud, and no statute goes farther and confers jurisdiction to avoid the grant for any other reason, or for that the grantee has terminated the rights and duties by the grant created.

[2, 3] Section 3959, Comp. St., to which plaintiff appeals, is but a rule of evidence, apparently enacted in limitation of duty to protect naturalized citizens abroad (see 28 Op. Atty. Gen. 504), and does not contemplate avoidance of citizenship by suit, nor confer jurisdiction in equity to that end. There is no reason why a valid grant of citizenship, once terminated by the grantee, should be avoided by suit thereafter, and there is good reason why it should not be, even as is the case in respect to any other variety of grant. Valid in its inception, its termination thereafter does not invalidate its origin, and under it rights accrue, which ought not to be, as they cannot be, impaired by annulment of the grant.

If, however, it be granted that the suit can be maintained, it fails in proof. Section 3959 is the first statutory definition of expatriation, which in Talbot v. Jansen, 3 Dall. 154, 1 L. Ed. 540, the Supreme Court advised to be made, and that definition is that any American citizen shall be deemed to have expatriated himself when he has been naturalized in or taken an oath of allegiance to any foreign state. It further provides that, if a naturalized citizen thereafter resides two years in his native land, it shall be presumed that he has ceased to be an American citizen, which presumption may be overcome by evidence satisfactory to any of this country's diplomatic or consular agents. If this statute has any other object than limitation of duty as aforesaid, if the presumption can be invoked in court, then it imports expatriation as in the statute defined, and which is "a matter of option and intention," the presumption of which is, as it ought to be, "easy to preclude and easy to overcome." See U. S. v. Gay, 44 S. Ct. 389, 264 U. S. 358, 68 L. Ed. 728.

[4] In this suit the presumption is precluded and overcome by the circumstances and the defendant's oath that he has not been naturalized abroad. Plaintiff not having proven that the laws of Norway otherwise admit persons to the membership of that nation, and having presented this oath of defendant, evidently procured by and in the language of its agents, evidently intended to import denial of expatriation as defined by the statute, it has failed to prove its allegation that defendant has "again become a subject of Norway."

[5-7] Like any grant, that of citizenship is not to be avoided save by evidence which in quality and quantity commands credibility and inspires conviction of the truth of the charge—virtually beyond reasonable doubt. It is obvious that mere residence abroad, however long continued, absolves not from allegiance, for that accrues only from new allegiance assumed abroad. And failure to register or report to consuls abroad is immaterial. In so far as plaintiff relies upon section 4374, Comp. St., it is observed that neither in pleading nor in proof is plaintiff's case within that statute. For the latter is limited to grants or certificates of citizenship illegally procured by fraud, voidable in their inception, and creates a presumption thereof from the citizen's permanent residence abroad.

Decree for defendant.