**In re ALFONSO.**
No. 22069.

United States District Court
D. New Jersey.
July 31, 1953.

Amerigo D'Agostino, Newark, N. J., for applicant.

Julius Goldberg, Immigration & Naturalization Service, Paterson, N. J., for Government.

SMITH, District Judge.

This matter is before the Court on an application filed under Chapter 321 of Public Law 114, approved August 16, 1951, which provides: "A person who, while a citizen of the United States, has lost citizenship of the United States *solely by reason of having voted in a political election or plebiscite held in Italy* on June 2, 1946, * *, and who has not subsequent to such voting committed any act which, had he remained a citizen, would have operated to expatriate him, may be naturalized by taking, prior to two years from the enactment of this Act, before any nauralization court specified in subsection (a) of section 301 of the Nationality Act of 1940, as amended, * * *,. the oaths prescribed by section 335 of the Nationality Act of 1940, as amended." 65 Stat. 191. (Emphasis by the Court.) The rights of the applicant under this provision will expire on August 17, 1953.

The application is opposed by the Designated Naturalization Examiner on the ground that the applicant expatriated himself prior to June 2, 1946 by his continuous residence in Italy, his native country, for a period of more than two years. The opposition is based on Section 2 of "An Act In reference to the expatriation of citizens and their protection abroad", 34 Stat. 1228, 8 U.S.C.A. § 17, approved March 2, 1907. This section provides: "When any naturalized citizen shall have resided for two years in the foreign state from which he came, * * * it shall be presumed that he has *ceased to be* an American citizen, * * *: Provided, however, That such presumption may be overcome on the presentation of satisfactory evidence to a *diplomatic* or *consular officer* of the United States, under such rules and regulations as the Department of State may prescribe". (Emphasis by the Court.)

## Facts

### I.

The applicant, a native and formerly a national of Italy, was admitted to the United States citizenship in the Court of Common Pleas, Ocean County, New Jersey, on March 27, 1919, while a member of the United States Army.

### II.

The applicant thereafter resided in this country until August of 1930, when he returned to Italy "for the purpose of being with his family." He thereafter resided in Italy continuously until January of 1947, when he returned to this country. The application filed herein discloses that the applicant now resides in Jersey City, New Jersey.

### III.

While resident in Italy the applicant visited the Office of the United States Consul on three occasions, in 1932, 1939, and 1945. He testified before the examiner, and the testimony is not here disputed, that the "first visit was for the purpose of ascertaining whether it was necessary to renew his citizenship; the second was for the purpose of ascertaining whether he could go back to the United States; and the third, in 1945, for the purpose of obtaining a passport for the return to the United States." See Proposed Findings of Fact and Conclusions of Law submitted by Examiner, "Exhibit G–2."

## IV.

The applicant voted in a political election or plebiscite held in Italy on June 2, 1946. There is no evidence that he performed any other act not consistent with his allegiance to the United States of America, either prior or subsequent thereto.

## V.

After the hearing was closed the applicant submitted to the Court two additional documents: a photostat of an "Honorable Discharge from the United States Army," dated April 19, 1919, and a certificate awarded by Field-Marshal H. R. Alexander, Supreme Allied Commander, Mediterranean Theatre. These documents are received in evidence conditionally and subject to the right of the Examiner to move to strike the exhibits on any valid ground. We adopt this course only because time is of the essence, and further delay may be prejudicial to the rights of the applicant.

## VI.

The honorable discharge discloses that the applicant served in the United States Army from February 25, 1918, when he was inducted, until April 19, 1919, when he was discharged. It further discloses that he was a member of the American Expeditionary Forces from May 20, 1918 to February 11, 1919. The certificate was awarded the applicant "as a token of gratitude for and appreciation of the help given to the Sailors, Soldiers and Airmen of the British Commonwealth of Nations, which enabled them to escape from, or evade capture by the enemy."

## Discussion

The Act upon which the applicant here relies, supra, is remedial legislation and its purpose is "to enable those persons who lost their United States citizenship by reason of voting in a political election or plebiscite held in Italy on June 2, 1946, * *, to regain their citizenship." Legislative History, U.S.Cong.Serv., '51, Vol. 2, p. 1690 et seq. It is conceded by the Examiner that the applicant is entitled to claim the benefits of the said Act unless, as is here contended, *he expatriated himself prior* to June 2, 1946, when he voted in the Italian elections. A construction of the provisions of the Act of March 2, 1907 would therefore seem essential to the determination of the ultimate question here raised.

We entertain considerable doubt as to the applicability of the statutory presumption created by the Act of March 2, 1907, where, as here, the naturalized citizen has returned to the United States and has established residence upon his return. The reported cases hereinafter cited are in conflict; in fact, it might be added that they fail to satisfactorily answer the question. The doubt appears to be shared by the Attorneys General of the United States, who have endeavored to answer the question.

It is stated in an opinion of Mr. Justice Jackson, then Attorney General of the United States, that: "Different views have been expressed on the question whether this presumption relates to the loss of right of diplomatic protection as a citizen or to the loss of citizenship itself." 39 Op. Attys.Gen. 411, 412. He cites in support of his view two cases hereinafter cited: Miller v. Sinjen, and Camardo v. Tillinghast. Attorney General Sargent in an earlier opinion, 35 Op.Attys.Gen. 399, 404, stated, " * * *, it is not out of place to add that this statute is so loosely drawn that its operation and effect have been in doubt ever since its passage."

We are of the opinion that the quoted provisions of the Act, supra, are limited in their application to naturalized citizens who are resident abroad. The statutory presumption therein defined may be invoked only against such a citizen who, after two years of residence "in the foreign state from which he came," asserts a claim to the diplomatic protection ordinarily incident to his citizenship. Accord: Camardo v. Tillinghast, 1 Cir., 29 F.2d 527, 529, et seq.; Thorsch v. Miller, 55 App.D.C. 295, 5 F.2d 118, 121; Haaland v. Attorney General of United States, D.C., 42 F.Supp. 13, 20; Stein v. Fleischmann Co., D.C., 237 F. 679. Compare: United States v. Eliasen, D.C., 11 F.2d 785, 786; Miller v. Sinjen, 8 Cir., 289 F. 388, 393; Schaufus v. Attorney General of United States, D.C.,

45 F.Supp. 61, 64, 67; Nurge v. Miller, D.C., 286 F. 982, 984; United States ex rel. Anderson v. Howe, D.C., 231 F. 546, 548, 549. This construction would appear to be supported by the express language of the proviso, which states: "such presumption may be overcome on the presentation of satisfactory evidence to a *diplomatic* or *consular officer* of the United States".

A further aid to construction is found in the additional provisions of Section 2 of the 1907 Act, supra. These provisions prescribe the specific conditions under which any "citizen shall be deemed to have expatriated himself". The initial paragraph of the said section provides: " * * any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state." We are of the opinion that if Congress intended that residence abroad for a prescribed period of time would effect the expatriation of a naturalized citizen, this additional condition would have been prescribed in clear and unequivocal language as were the other conditions.

We are inclined to agree with the opinion of Attorney General Wickersham, 28 Op.Attys.Gen. 504, 507, 508, in which he states: "The purpose of the Act is, I think, simply to relieve the Government of the obligation to protect such citizens residing abroad after the limit of two or five years, as the case may be, when their residence there is not shown to be of such a character as to warrant the presumption that they intend to return and reside in the United States and thus bear the burdens as well as enjoy the rights and privileges incident to citizenship." This opinion was rendered within a reasonably short time after the approval of the Act.

We assume that the Act of 1907 is applicable, notwithstanding our opinion to the contrary, and that the statutory presumption continues after the naturalized citizen has returned to the United States and has established a residence here. The presumption, in the language of the statute, is that the naturalized citizen "has ceased to be [a] * * * citizen," and not that he has expatriated himself. The presumption is rebuttable and may be overcome by evidence that the naturalized citizen intended to retain his citizenship and return to the United States for the purpose of permanent residence.

The Supreme Court, in discussing the presumption erected on the fact of residence, stated: "His place of residence was an element in making him a citizen, it might be regarded as an element in continuing him a citizen and presumptions could be erected upon it, and we are prompted to say *it is a presumption easy to preclude, and easy to overcome.* It is a matter of option and intention." (Emphasis by the Court.) United States v. Gay, 264 U.S. 353, 358, 44 S.Ct. 388, 389, 68 L.Ed. 728. This is some indication as to the measure of proof required to overcome the statutory presumption. See the cases hereinabove cited.

We are of the opinion that the undisputed facts before the Court are sufficient to overcome the presumption that the applicant "ceased to be an American citizen". The conduct of the applicant while abroad evinced an intention to retain his citizenship and return to the United States. He visited the Office of the United States Consul on three occasions: first, to ascertain whether it was necessary to renew his citizenship; second, to inquire as to his right to return to the United States; and third, to make application for a passport. This conduct which was followed by the applicant's return to the United States is sufficient in our opinion to rebut the presumption that he "ceased to be" a citizen.

The applicant voted in the political election or plebiscite held in Italy on June 2, 1946, and thus expatriated himself under the express provisions of Section 401(e) of the Nationality Act of 1940, 8 U.S.C.A. § 801(e). There is no evidence that subsequent thereto he "committed any act which, * * *, would have operated to expatriate him." The present application must therefore be granted.

284

## Conclusions

### I.

The Act of March 2, 1907, entitled "An Act In reference to the expatriation of citizens and ther protection abroad", supra, is not applicable for the reasons herein stated.

### II.

The applicant was a naturalized citizen of the United States until June 2, 1946, when he voted in the political election or plebiscite in Italy. There is no evidence that he committed any other act which would operate to expatriate him. The applicant is therefore entitled to the benefits of Chapter 321 of Public Law 114, supra.

### III.

If the Act of 1907, supra, is applicable, the evidence before the Court is sufficient to overcome the presumption that the applicant "ceased to be an American citizen". The applicant is therefore entitled to the benefits of Chapter 321 of Public Law 114, supra.

### IV.

The present application will be granted for the reasons herein stated.